**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 1/26/2021

☒Pro Se ☐Retained ☐CJA ☐FPD ☐USA or other Federal Agency (Appeal Fee Exempt)

Case No: 20-cv-01590-MEH

Date Filed: 1/25/2021

Appellant: Kimberly JaJack

☐Amended Notice of Appeal
☐Other pending appeals
☐Transferred Successive §2254 or §2255
☐Supplemental Record

Pro Se Appellant:
☐IFP forms mailed/given
☒Motion IFP pending
☐IFP denied
☐Appeal fee paid
☐Appeal fee not paid

Retained Counsel:
☐Appeal fee paid
☐Appeal fee not paid
☐Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals. Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by: s/C. Madrid
Deputy Clerk

cc: Clerk of the Court, Tenth Circuit Court of Appeals

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-01590-MEH

KIMBERLY JAJACK,

Plaintiff,

v.

NEW YORK LIFE INSURANCE COMPANY,

Defendant.

---

**ORDER**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant New York Life Insurance Company's ("New York Life") Motion to Compel Arbitration and Dismiss or Stay Case ("Motion"). ECF 22. Plaintiff Kimberly JaJack ("Ms. JaJack"), proceeding *pro se*, brought this lawsuit on July 6, 2020 claiming racial discrimination, age discrimination, sex discrimination, retaliation, and other violations of federal and state law. ECF 1. The Motion is fully briefed, and the Court finds that oral argument will not materially assist in its adjudication. For the reasons that follow, the Motion is granted, and the case is administratively closed.

**BACKGROUND**

Ms. JaJack began working for New York Life as a qualified insurance agent in its Colorado office on January 23, 2018. ECF 1 at 15, 20. Over the course of her affiliation with New York Life, she signed several disclosures and agreements regarding arbitration. Initially, on January 5, 2018, Ms. JaJack signed Form U4 Arbitration Disclosure. It was part of her job application and stated:

> The Form U4 contains a predispute arbitration clause. It is in item 5 of Section 15A of the Form U4. You should read that clause now. Before signing the U4, you should understand the following:
>
> (1) You are agreeing to arbitrate any dispute, claim, or controversy that may arise between you and your firm, or customer, or any other person that is required to be arbitrated under the rules of the self-regulatory organizations with which you are registering. This means you are giving up the right to sue a member, customer, or another associated person in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.
>
> (2) A claim alleging employment discrimination, including a sexual harassment claim, in violation of a statute is not required to be arbitrated under FINRA rules. Such a claim may be arbitrated at FINRA only if the parties have agreed to arbitrate it, either before or after the dispute arose. The rules of other arbitration forums may be different.

ECF 34 at 24. The disclosure explained that while FINRA itself does not require arbitration of employment discrimination or sexual harassment claims, the parties still could agree to do so. Arbitration means "giving up the right to sue . . . in court, including the right to a trial by jury." The disclosure form explained other aspects of arbitration, as well. Ms. JaJack signed a second such disclosure form on February 22, 2019. ECF 22-3.

New York Life accepted Ms. JaJack's job application, and she became a part-time independent contractor. She signed the Introductory Contract (Form IC-05/16) on January 18, 2018. It states:

> 20. Arbitration.
>
> (a) The Agent and New York Life . . . agree that any dispute, claim, request for equitable relief, or controversy arising between them, *including but not limited to those alleging wrongful or unlawful discharge, or employment discrimination or harassment based on sex, race*, age, disability, or status in any other group or class, or retaliation, in violation of any federal, state or local statute, regulation, common law or rule (hereinafter "the Claim"), as well as any dispute as to whether such Claim is arbitrable, *shall be resolved by a final and binding arbitration* proceeding administered by the Financial Industry Regulatory Authority ("FINRA") in accordance with its applicable arbitration rules ("FINRA's arbitration rules") then in effect. These rules may be found at www.finra.org.

> (b) The following disputes and claims *are not* covered by this Agreement and shall therefore be resolved in any appropriate forum as required by the laws then in effect: (1) claims for workers' compensation benefits (except for claims of retaliation or discrimination), unemployment insurance, or state or federal disability insurance; (2) claims for benefits or breach of fiduciary duty arising under or relating to a plan that is governed by the Employee Retirement Income Security Act of 1972 ("ERISA"); (3) matters within the jurisdiction of the National Labor Relations Board; and (4) any other dispute or claim that has been excluded from arbitration by applicable law that is not preempted by the Federal Arbitration Act.

ECF 34 at 32 (emphasis added). The contract required arbitration for a broad range of claims, including those Ms. JaJack brings in this lawsuit.

After fulfilling the Introductory Contract's requirements, Ms. Jajack became a full-time employee. She signed the Agent's Contract (Form N9-05/16) on March 16, 2018. ECF 34 at 36. It is identical to the above Introductory Contract except that the arbitration provision is at Section 24. Contemporaneous with the Agent's Contract, Ms. JaJack also signed the Training Allowance Subsidy Plan Agreement (Form TAS-11/13) ("TAS"). ECF 34 at 51. It repeats the same arbitration provision but places it under Section 21. These two contracts governed this period of her employment.

On August 24, 2019, Ms. JaJack signed a Registered Representative Agreement (ECF 22-2) which permitted her to sell securities (ECF 1 at 21). That contract's arbitration provision, listed at Section 9, is similar to those in the preceding contracts. Section 9(A) repeated the broad scope of arbitrable claims:

> The Agent and New York Life . . . agree that any dispute, claim, request for equitable relief, or controversy arising between them, including but not limited to those alleging wrongful or unlawful discharge, or employment discrimination or harassment based on sex, race, age, disability, or status in any other group or class, or retaliation, in violation of any federal, state or local statute, regulation, common law or rule (hereinafter "the Claim"), as well as any dispute as to whether such Claim is arbitrable, shall be resolved by a final and binding arbitration proceeding . . . .

Case 1:20-cv-01590-MEH Document 41 Filed 12/28/20 USDC Colorado Page 4 of 12

ECF 22-2 at 3. Section 9(D) separately provided that the parties "agree to waive any right to a jury trial with respect to any Claim covered by this agreement." *Id.*

On September 30, 2019, soon after entering that contract, New York Life terminated Ms. JaJack's employment. ECF 1 at 21.

## <u>LEGAL STANDARDS</u>

### I. Arbitration

"[U]pon being satisfied that the issue involved in [the pending] suit or proceeding is referable to arbitration under [the parties'] agreement," a district court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3; *see also Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1279 (10th Cir. 2017) (citing *Rent–A–Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010)). Therefore, a district court *must* stay or dismiss the lawsuit if a written agreement provides for the arbitration of its subject matter. "There is a strong federal policy favoring arbitration for dispute resolution." *Coors Brewing Co. v. Molson Breweries,* 51 F.3d 1511, 1514 (10th Cir. 1995) (quoting *Peterson v. Shearson/Am. Express, Inc.*, 849 F.2d 464, 465 (10th Cir. 1988)). If there is uncertainty as to whether a claim is arbitrable, "[a]ll 'doubts are to be resolved in favor of arbitrability.'" *Id.* (quoting *Oil, Chem., & Atomic Workers Int'l Union, Local 2-124 v. Am. Oil Co.,* 528 F.2d 252, 254 (10th Cir. 1976)). "The presumption in favor of arbitration is properly applied in interpreting the scope of an arbitration agreement; however, this presumption disappears when the parties dispute the existence of a valid arbitration agreement." *Dumais v. Am. Golf Corp.*, 299 F.3d 1216, 1220 (10th Cir. 2002).

Arbitration is a contractual matter; it is required only if the parties agree to it. *AT & T Techs., Inc. v. Commc'ns Workers of Am.,* 475 U.S. 643, 648 (1986); *see also Coors Brewing Co.*, 51 F.3d at 1516. "The question of whether the parties agreed to arbitrate is to be decided by the

Case 1:20-cv-01590-MEH Document 47 Filed 12/28/21 USDC Colorado Page 5 of 12

court." *AT & T Techs.*, 475 U.S. at 648–49. Only claims having "a reasonable factual connection to the contract" are arbitrable. *Coors Brewing Co.*, 51 F.3d at 1516.

Arbitration is not required if the contract is unenforceable or should be revoked.

> "[A] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, *save upon such grounds as exist at law or in equity for the revocation of any contract.*"

9 U.S.C. § 2 (emphasis added). The Court applies state law to determine whether an arbitration agreement is enforceable. *Weller v. HSBC Mortg. Servs., Inc.*, 971 F. Supp. 2d 1072, 1077 (D. Colo. 2013). The interpretation of a contract is a question of law for the court, and a court's duty is "to interpret a contract in a manner that effectuates the manifest intention of the parties at the time the contract was signed." *Randall & Blake v. Metro Wastewater Reclamation Dist.*, 77 P.3d 804, 806 (Colo. App. 2003).

An arbitration provision may not be enforced if it is unconscionable. The factors to determine whether a contract is procedurally and substantively unconscionable are: (1) a standardized agreement executed by parties of unequal bargaining power, (2) lack of opportunity to read or become familiar with the document before signing it, (3) use of fine print in the portion of the contract containing the challenged provision, (4) absence of evidence that the provision was commercially reasonable or should have reasonably been anticipated, (5) the terms of the contract are substantively unfair, (6) the relationship of the parties, including factors of assent, unfair surprise, and notice, and (7) all of the circumstances surrounding the formation of the contract, including its commercial setting, purpose, and effect. *Davis v. M.L.G. Corp.*, 712 P.2d 985, 991 (Colo. 1986). Ultimately, it is Ms. JaJack's burden, as the party challenging the contract provisions,

to persuade the Court of their unconscionability. *Cook v. PenSa, Inc.*, No. 13-cv-03282-RM-KMT, 2014 WL 3809409, at *11 (D. Colo. Aug. 1, 2014).

The Court resolves amiguities in an arbitration agreement or doubts about an arbitration clause's scope in favor of arbitration. *Lane v. Urgitus*, 145 P.3d 672, 678 (Colo. 2006); *Armijo v. Prudential Ins. Co. of Am.*, 72 F.3d 793, 797 (10th Cir. 1995) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614 (1984)). When the arbitration clause is broad in scope, and "in the absence of any express provision excluding a particular grievance from arbitration," the agreement must be enforced, unless the opposing party can positively demonstrate that there is no interpretation of the agreement that would cover the claims at issue. *Local 5-857 Paper, Allied-Industrial, Chemical and Energy Workers Intern. Union v. Conoco, Inc.*, 320 F.3d 1123, 1126 (10th Cir. 2003) (quoting *AT&T Techs.*, 475 U.S. at 650).

## II. Dismissal under Fed. R. Civ. P. 12(b)(1)

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." It is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). Ms. JaJack bears the burden of establishing that this Court has jurisdiction to hear her claims. *Basso*, 495 F.2d at 909.

A district court lacks subject matter jurisdiction over disputes that are covered by an arbitration agreement. *Hagerman v. United Transp. Union*, 281 F.3d 1189, 1195 (10th Cir. 2002). Therefore, dismissal under Rule 12(b)(1) is appropriate if there is a valid and enforceable arbitration clause. *Encore Prods., Inc. v. Promise Keepers*, 53 F. Supp. 2d 1101, 1111 (D. Colo.

1999). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere [conclusory] allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). In determining whether an arbitration provision warrants dismissal under Rule 12(b)(1) for the lack of federal subject matter jurisdiction, the Court also may consider affidavits, documents, and other exhibits. *See Morrison v. Colo. Permanente Med. Grp. PC*, 983 F. Supp. 937, 939 (D. Colo. 1997). The only documents at issue here are the contracts.

## ANALYSIS

As a general matter, Ms. JaJack does not dispute signing the contracts or that their arbitration provisions are broad enough to cover all of the claims that she raises in her Complaint. Her argument instead is that the contracts are unconscionable and thus unenforceable. In considering her argument, the Court begins by determining who should decide whether the contracts are unenforceable.

### I. Who Determines Enforceability

New York Life argues that Ms. JaJack's challenge to the enforceability of her arbitration agreements should be sent to the arbitrator for resolution. ECF 8 at 8. In support thereof, it cites Section 24(a) of the TAS and N-9 Agreements, which states that "any dispute as to whether such Claim is arbitrable, shall be resolved by a final and binding arbitration proceeding." The plain language of that provision requires the arbitrator decide whether a particular claim for relief (for example, employment discrimination) is covered. Whether, as New York Life argues, it also requires arbitration of an enforceability dispute is unclear. *Cf. Belnap*, 844 F.3d at 1281 (discussing contract language that required "[j]urisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought [to] be submitted and ruled on by the Arbitrator"). New York Life's argument fails because it does not submit clear and unmistakable evidence of the intent to arbitrate an

enforceability dispute. *Id*. Consequently, the Court will resolve the enforceability dispute rather than send it to arbitration.

## II. Enforceability

The Court considers the merits of the enforceability dispute, applying the seven *Davis* factors identified above.

(1) <u>Standardized agreement executed by parties of unequal bargaining power.</u>

Ms. JaJack asserts that the arbitration provisions are "unconscionable because they are contained in contracts of adhesion that manifest a high degree of oppression and shock." ECF 34 at 15. However, even if the contracts are adhesive in nature (consisting of standardized forms, without the ability to negotiate, and a power disadvantage), it does not render them void. A contract of adhesion is not inherently unconscionable. *Bernal v. Burnett*, 793 F. Supp. 2d 1280, 1287 (D. Colo. 2011). Because of the Court's findings on the other *Davis* factors, this is not an unconcionable provision.

(2) <u>Lack of opportunity to read or become familiar with the document before signing it.</u>

Ms. JaJack does not say that she lacked the opportunity to read and become familiar with the contracts. New York Life adds that Ms. JaJack is an educated professional with the knowledge and experience to understand them. ECF 22 at 2. Ms JaJack has a degree in public administration (ECF 34 at 3; ECF 1 at 21), but she denies the knowledge or experience to understand the "legal jargon of the Agreements." (ECF 34 at 3).

"Absent fraud or concealment, a person who signs a document is presumed to have knowledge of the document's contents, independent of whether that person has read the document." *Breaux v. Am. Family Mut. Ins. Co.*, 387 F. Supp. 2d 1154, 1162 (D. Colo. 2005). A party may not avoid a contract's obligations by denying reading it, and it is presumed from the act of signing (or digitally accepting) a contract that the party understood it. *Vernon v. Qwest*

*Commc'ns. Int'l, Inc.*, 857 F. Supp. 2d 1135, 1151–52 (D. Colo. 2012). Ms. JaJack does not overcome the presumption that she read and understood the arbitration provisions. Moreover, she had the benefit of the two disclosure forms, separate from the contracts that contained the arbitration provisions, that explained arbitration generally.

New York Life denies imposing deadlines to sign the documents. Moreover, Ms. JaJack received the contracts over a period of time, as her employment status progressed, rather than all at once. Therefore, she had time to become familiar with each contract before receiving the next one.

(3) <u>Use of fine print in the portion of the contract containing the challenged provision.</u>

All of the arbitration provisions were presented in a conspicuous way. They were set apart in their own sections with clear headings, and they were written in the same font size as the rest of the contract language. Moreover, the two disclosure documents explained arbitration generally. Nothing of the contracts' presentation or formatting suggest an attempt to hide or conceal arbitration.

(4) <u>Absence of evidence that the provision was commercially reasonable or should have reasonably been anticipated.</u>

As the Court explains above, the law presumes arbitration agreements are valid. Ms. JaJack does not overcome that presumption with respect to these contracts. Nor does the record suggest the kind of arbitration agreement that she signed is uncommon in securities-related employment. *See Bernal*, 793 F. Supp. 2d at 1288 (observing how the arbitration agreement at issue there was "not out of the mainstream."). Ms. JaJack does not dispute that New York Life used the same standard contracts for her as it does for other newly hired sales agents.

(5) <u>The terms of the contract are substantively unfair.</u>

Ms. JaJack asserts that the arbitration provisions are substantively unfair because she did not realize that she was "waiving U.S. Constitutional and Title VII rights." ECF 34 at 18.

However, she did not lose the right to seek redress from New York Life. She still may bring the same claims for relief, but she must litigate them in a different forum (before the arbitrator) rather than in court. It is true that she may not try her claims before a jury, but federal law expressly permits—and encourages—arbitration as an alternative means of dispute resolution.

Moreover, the contracts expressly informed her of the jury waiver. The first document that she signed, the Form U4 Arbitration Disclosure, informed her that arbitration means "giving up the right to sue . . . in court, including the right to a trial by jury." ECF 34 at 24. The last document she signed contained a separate provision with the same information.

Ms. JaJack asserts that the arbitration provisions are unfair because of the "significant" and "potentially large" arbitration fee. ECF 34 at 15. However, New York Life's acceptance of responsibility for the full arbitration fee (ECF 38 at 8) renders this particular concern moot.

(6) <u>The relationship of the parties, including factors of assent, unfair surprise, and notice.</u>

The parties entered into these contracts as employer and employee. In exchange for Ms. JaJack's acceptance of the contract terms, including the agreement to arbitrate, New York Life offered Ms. JaJack employment. Ms. JaJack does not show that the arbitration requirement to which she agreed is unusual or uncommon for her sales agent position. Nor does Ms. JaJack show the kind of unfair surprise or lack of notice that would support a finding of unconscionability. To the contrary, the disclosures and contracts provided adequate notice and explanation.

(7) <u>All of the circumstances surrounding the formation of the contract, including its commercial setting, purpose, and effect.</u>

Ms. JaJack contends that the presentation of successive contracts was a "bait and switch tactic" used to cause her to forfeit her right to litigate in court. Ms. JaJack relies on how the disclosure form initially informed her that FINRA does not require arbitration of employment discrimination and sexual harassment claims. However, that same document informed her that claims will be arbitrated if the parties agree to do so. Moreover, the fact that she was presented

with successive contracts was the result of her progression through the stages of employment. New York Life explains that process in its Reply (ECF 38 at 7–8), which is consistent with what Ms. JaJack herself recalls in her Complaint (ECF 1 at 2-21). The contracts themselves explain those changes in employment status. Despite there being several contracts, the arbitration provisions remained consistent. Therefore, the mere fact that Ms. JaJack was presented with multiple contracts does not suggest a strategy to "trick" her into arbitration.

**C. Dismissal or Stay of Proceedings**

When the parties have entered into an arbitration agreement, and either party requests a stay of the case pending arbitration, the Court must stay the case. 9 U.S.C. § 3. Here, New York Life has requested a stay. However, because the Tenth Circuit has construed an administrative closure to be the practical equivalent of a stay, *Quinn v. CGR*, 828 F.2d 1463, 1465 n.2 (10th Cir. 1987), the Court instead will administratively close the case pending arbitration's outcome pursuant to D.C. Colo. LCivR 41.2.

## CONCLUSION

Ms. JaJack prefers to litigate her employment-related claims in this federal court where she filed her lawsuit. However, New York Life prefers to arbitrate those claims, and its request is consistent with the several arbitration agreements that they signed. Ms. JaJack challenges the enforceability of those contracts, but after considering the seven *Davis* factors, the Court does not find them unconscionable. Enforcement of the arbitration agreements is consistent with the contracts' express terms and with federal policy favoring arbitration.

ACCORDINGLY, New York Life's Motion to Compel Arbitration and Stay Proceedings [filed September 4, 2020; ECF 22] is **granted**. The Clerk of the Court is directed to administratively close this case. The Court may reopen it for good cause, such as after the issuance

Case 1:20-cv-01599-MEH Document 47-1 Filed 01/26/21 USDC Colorado Page 12 of 12

of the arbitration award, if appropriate. The Clerk of the Court shall **deny as moot** Defendant's Motion for Protective Order [filed December 16, 2020; ECF 42].

SO ORDERED.

DATED this 28th day of December 2020, in Denver, Colorado.

BY THE COURT:



Michael E. Hegarty
United States Magistrate Judge

ADMCLOS,APPEAL,CONMAG,JD1,MJ CIV PP,TERMED

# U.S. District Court − District of Colorado
# District of Colorado (Denver)
# CIVIL DOCKET FOR CASE #: 1:20−cv−01590−MEH

JaJack v. New York Life Insurance Company
Assigned to: Magistrate Judge Michael E. Hegarty
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 06/02/2020
Date Terminated: 12/28/2020
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Federal Question

**Plaintiff**

**Kimberly JaJack** represented by **Kimberly JaJack**
P.O. Box 3191
Parker, CO 80134
303−598−8917
PRO SE

V.

**Defendant**

**New York Life Insurance Company**
*(New York Life)*

represented by **Melisa Hallie Panagakos**
Jackson Lewis PC−Denver
950 17th Street
Suite 2600
Denver, CO 80202
303−876−2203
Fax: 303−892−5575
Email: melisa.panagakos@jacksonlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy Michael Kratz**
Jackson Lewis PC−Denver
950 17th Street
Suite 2600
Denver, CO 80202
303−876−2210
Fax: 303−892−5575
Email: Tim.Kratz@jacksonlewis.com
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2021 | 46 | MOTION for Leave to Proceed on Appeal Under 28 U.S.C. 1915 by Plaintiff Kimberly JaJack. (cmadr, ) (Entered: 01/26/2021) |
| 01/25/2021 | 45 | NOTICE OF APPEAL as to 44 by Plaintiff Kimberly JaJack. (cmadr, ) (Entered: 01/26/2021) |
| 12/28/2020 | 44 | ORDER by Magistrate Judge Michael E. Hegarty on 28 December 2020. ACCORDINGLY, New York Life's Motion to Compel Arbitration and Stay Proceedings 22 is granted. The Clerk of the Court is directed to administratively close this case. The Court may reopen it for good cause, such as after the issuance of the arbitration award, if appropriate. The Clerk of the Court shall deny as moot Defendant's Motion for Protective Order 42 .(cmadr, ) (Entered: 12/28/2020) |
| 12/18/2020 | 43 | Plaintiff's RESPONSE to 42 MOTION for Protective Order filed by Plaintiff Kimberly JaJack. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(cmadr, ) (Entered: 12/21/2020) |
| 12/16/2020 | 42 | MOTION for Protective Order by Defendant New York Life Insurance Company. (Attachments: # 1 Proposed Order (PDF Only))(Kratz, Timothy) (Entered: |

| | | |
|---|---|---|
| | | 12/16/2020) |
| 11/30/2020 | 41 | Plaintiff's Unopposed SUR−REPLY in Further Opposition to 22 MOTION to Dismiss , *Or in the Alternative, Stay Proceedings and Compel Arbitration* by Plaintiff Kimberly JaJack. (cmadr, ) (Entered: 11/30/2020) |
| 11/30/2020 | 40 | Minute ORDER by Magistrate Judge Michael E. Hegarty on 30 November 2020. Before the Court is Plaintiff's Unopposed Motion for Leave to File Sur−Reply 39 . The Motion is granted. The Clerk of the Court shall file the Sur−Reply, which Plaintiff attaches to her Motion, as a separate docket entry.(cmadr, ) (Entered: 11/30/2020) |
| 11/27/2020 | 39 | Plaintiff's Unopposed Motion for Leave to File Sur−Reply by Plaintiff Kimberly JaJack. (Attachments: # 1 Exhibit A − Plaintiff's Sur−Reply)(agarc, ) (Entered: 11/27/2020) |
| 11/13/2020 | 38 | BRIEF in Support of 22 MOTION to Dismiss , *Or in the Alternative, Stay Proceedings and Compel Arbitration* filed by Defendant New York Life Insurance Company. (Kratz, Timothy) (Entered: 11/13/2020) |
| 11/04/2020 | 37 | LETTER re: 34 Plaintiff's Opposition to 22 MOTION to Dismiss by Plaintiff Kimberly JaJack. (cmadr, ) (Entered: 11/04/2020) |
| 11/04/2020 | 36 | Minute ORDER by Magistrate Judge Michael E. Hegarty on 4 November 2020. For good cause shown, Defendant's Motion for Extension of Time to File Reply 35 is granted. Defendant shall file its Reply on or before November 13, 2020.(cmadr, ) (Entered: 11/04/2020) |
| 11/03/2020 | 35 | MOTION for Extension of Time to File Response/Reply as to 22 MOTION to Dismiss , *Or in the Alternative, Stay Proceedings and Compel Arbitration* by Defendant New York Life Insurance Company. (Kratz, Timothy) (Entered: 11/03/2020) |
| 10/23/2020 | 34 | Plaintiff's Opposition to 22 MOTION to Dismiss , *Or in the Alternative, Stay Proceedings and Compel Arbitration* by Plaintiff Kimberly JaJack. (Attachments: # 1 Envelope)(cmadr, ) (Entered: 10/23/2020) |
| 10/21/2020 | 33 | ORDER by Magistrate Judge Michael E. Hegarty on 21 October 2020. Accordingly, Plaintiff's Second Motion for Appointment of Counsel 132 is denied. In the event the Court determines that some or all of Plaintiff's claims can be litigated in this Court, the Court will seek counsel for Plaintiff.(cmadr, ) (Entered: 10/21/2020) |
| 10/19/2020 | 32 | Plaintiff's Second MOTION for Appointment of Counsel Unopposed by Plaintiff Kimberly JaJack. (cmadr, ) (Entered: 10/19/2020) |
| 10/16/2020 | 31 | JOINT SCHEDULING ORDER by Magistrate Judge Michael E. Hegarty on 16 October 2020. (cmadr, ) (Entered: 10/16/2020) |
| 10/15/2020 | 30 | COURTROOM MINUTE ENTRY for proceedings held before Magistrate Judge Michael E. Hegarty: Scheduling Conference held on 10/15/2020. Discovery Deadline: April 15, 2021. Dispositive Motion Deadline: May 17, 2021. Initial Rule 26(a)(2) Disclosures: March 3, 2021. Rebuttal Rule 26(a)(2) Disclosures: March 30, 2021. Final Pretrial Conference set for 7/13/2021 10:45 AM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. FTR: A501. (cthom, ) (Entered: 10/15/2020) |
| 10/02/2020 | 29 | JOINT Proposed Scheduling Order by Plaintiff Kimberly JaJack. (jgonz, ) (Entered: 10/05/2020) |
| 09/14/2020 | 28 | Minute ORDER by Magistrate Judge Michael E. Hegarty on 14 September 2020. Plaintiff's Unopposed Motion for Extension of Time to File a Response to Defendant's Motion to Dismiss 27 is granted. Plaintiff shall file a written response to Defendant's motion on or before October 26, 2020, and Defendant may file a reply brief within fourteen days after the response is served.(cmadr, ) (Entered: 09/14/2020) |
| 09/11/2020 | 27 | Plaintiff's Unopposed Motion for Extension of Time to File a Response to Defendant's Motion to Dismiss, Or in the Alternative, Stay Proceedings and Compel Arbitration by Plaintiff Kimberly JaJack. (cmadr, ) (Entered: 09/14/2020) |
| 09/09/2020 | 26 | ORDER OF REFERENCE. Pursuant to the consent of the parties to the jurisdiction of the magistrate judge 25 , this case is referred to Magistrate Judge Michael E. Hegarty for all purposes pursuant to 28 U.S.C. § 636(c), by Chief Judge Philip A. Brimmer on |

| | | |
|---|---|---|
| | | 9/9/2020. Text Only Entry (pabsec2) (Entered: 09/09/2020) |
| 09/08/2020 | 25 | CONSENT to Jurisdiction of Magistrate Judge by Plaintiff Kimberly JaJack. All parties consent.. (cmadr, ) (Entered: 09/09/2020) |
| 09/08/2020 | 24 | SUMMONS Returned Executed New York Life Insurance Company served on 9/1/2020, answer due 9/22/2020. (Attachments: # 1 Continuation of Main Document)(cmadr, ) (Entered: 09/09/2020) |
| 09/08/2020 | 23 | MINUTE ORDER by Magistrate Judge Michael E. Hegarty on 8 September 2020. Before the Court is Defendant's Motion to Dismiss, or in the Alternative, Stay Proceedings and Compel Arbitration (ECF 22 ). Pursuant to D.C. Colo. LCivR 7.1(d) and Fed. R. Civ. P. 6(d), Plaintiff shall file a written response to the motion on or before September 28, 2020, and Defendant may file a reply brief within fourteen days after the response is served. (cmadr, ) (Entered: 09/08/2020) |
| 09/04/2020 | 22 | MOTION to Dismiss , *Or in the Alternative, Stay Proceedings and Compel Arbitration* by Defendant New York Life Insurance Company. (Attachments: # 1 Exhibit A − TAS Agreement FORM N−9, # 2 Exhibit Exhibit B − Representative Agreement, # 3 Exhibit Exhibit C − U4 Disclosure, # 4 Exhibit D − Form U4 Arbitration Disclosure)(Kratz, Timothy) (Entered: 09/04/2020) |
| 08/17/2020 | 21 | Minute ORDER by Magistrate Judge Michael E. Hegarty on 17 August 2020. Plaintiff's Motion to Correct Certificate of Service for Service of Process of Complaint 20 is denied without prejudice for the following reasons. First, Defendant has appeared in the case (ECF 17 ) and has indicated no issue regarding service of process; thus, the Court's order directing service to the correct address appears to have been rendered moot. Second, because Defendant has appeared in the case, Plaintiff must comply with D.C. Colo. LCivR 7.1(a), confer with Defendant regarding all motions she seeks to file, and provide a statement in each motion informing the Court of Defendants position on her request (i.e., opposed or unopposed).(cmadr, ) (Entered: 08/17/2020) |
| 08/13/2020 | 20 | Plaintiff's MOTION to Correct Certificate of Service for Service of Process of Complaint by Plaintiff Kimberly JaJack. (cmadr, ) (Entered: 08/13/2020) |
| 08/12/2020 | 19 | CERTIFICATE of Service by Clerk of Court re 1 Employment Discrimination Complaint for Service of Process. (Attachments: # 1 U.S. Marshal Service Form) (alave, ) Modified on 8/12/2020 to correct Certificate of Service. (alave, ). (Entered: 08/12/2020) |
| 08/11/2020 | 18 | Summons Returned Unexecuted as to New York Life Insurance Company. (cmadr, ) (Entered: 08/12/2020) |
| 08/11/2020 | 17 | STIPULATION for Extension of Time to Answer or Respond to the Complaint by Defendant New York Life Insurance Company. New York Life Insurance Company answer due 9/8/2020. (Kratz, Timothy) (Entered: 08/11/2020) |
| 08/11/2020 | 16 | Minute ORDER by Magistrate Judge Michael E. Hegarty on 11 August 2020. Plaintiff's Motion to Extend Time for Service of Process of Complaint 14 is granted. The deadline for service pursuant to Fed. R. Civ. P. 4(m) is extended to September 30, 2020. In addition, the United States Marshal has advised that the Colorado address provided on the Service of Process form (ECF 9−2) is incorrect. Thus, in accordance with this Court's June 5, 2020 order, the Clerk of the Court shall arrange for the United States Marshal to serve a copy of the complaint, summons, order granting leave to proceed pursuant to 28 U.S.C. § 1915, and all other orders upon the Defendant at the following address: Division of Insurance, Registered Agent, 1560 Broadway, Denver, CO 80202. In addition, Plaintiff's Second Motion to [Continue] Scheduling Conference 15 is granted. The Scheduling Conference currently set on September 3, 2020 is vacated and rescheduled to October 15, 2020, at 1:15 p.m. in Courtroom A−501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado.(cmadr, ) (Entered: 08/11/2020) |
| 08/07/2020 | 15 | Plaintiff's Second Motion to Vacate Scheduling Conference by Plaintiff Kimberly JaJack. (cmadr, ) (Entered: 08/10/2020) |
| 08/07/2020 | 14 | PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVICE OF PROCESS OF COMPLAINT by Plaintiff Kimberly JaJack. (cmadr, ) Modified to correct filing date on 8/10/2020 (cmadr, ). (Entered: 08/10/2020) |

| | | |
|---|---|---|
| 07/13/2020 | 13 | Minute ORDER by Magistrate Judge Michael E. Hegarty on 13 July 2020. For good cause shown, Plaintiff's Motion to Vacate Scheduling Conference 12 is granted. The Scheduling Conference currently set on August 4, 2020 is vacated and rescheduled to September 3, 2020, at 11:00 a.m. in Courtroom A−501, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. Proposed Scheduling Order due 8/27/2020.(cmadr, ) (Entered: 07/13/2020) |
| 07/10/2020 | 12 | Plaintiff's MOTION to Vacate Scheduling Conference by Plaintiff Kimberly JaJack. (cmadr, ) (Entered: 07/13/2020) |
| 06/17/2020 | 11 | ORDER, by Magistrate Judge Michael E. Hegarty on 6/17/2020. Accordingly, Plaintiff's Motion for Appointment of Counsel [filed June 15, 2020; ECF 10 ]is denied without prejudice with leave to re−file after the case becomes at issue. (apesa, ) (Entered: 06/17/2020) |
| 06/15/2020 | 10 | MOTION for Appointment of Counsel, by Plaintiff Kimberly JaJack. (apesa, ) (Entered: 06/16/2020) |
| 06/08/2020 | 9 | CERTIFICATE of Service by Clerk of Court re 1 Employment Discrimination Complaint (Attachments: # 1 U.S. Marshal Service Form, # 2 U.S. Marshal Service Form) (alave, ) (Main Document 9 replaced on 6/9/2020) to correct parties name(alave, ). (Entered: 06/08/2020) |
| 06/05/2020 | 8 | ORDER GRANTING SERVICE BY UNITED STATES MARSHAL, by Magistrate Judge Michael E. Hegarty on 6/5/2020. (apesa, ) (Entered: 06/05/2020) |
| 06/05/2020 | 7 | MINUTE ORDER, by Magistrate Judge Michael E. Hegarty on 6/5/2020. Proposed Scheduling Order due 7/28/2020, Scheduling Conference set for 8/4/2020 10:15 AM in Courtroom A 501 before Magistrate Judge Michael E. Hegarty. (apesa, ) (Entered: 06/05/2020) |
| 06/04/2020 | 6 | Magistrate Judge consent form issued pursuant to D.C.COLO.LCivR 40.1, direct assignment of civil actions to full time magistrate judges. (athom, ) (Entered: 06/04/2020) |
| 06/04/2020 | 5 | ORDER DRAWING CASE by Magistrate Judge Gordon P. Gallagher on 06/04/2020. This case randomly reassigned to Magistrate Judge Michael E. Hegarty. All future pleadings should be designated as 20−cv−01590−MEH. (athom, ) (Entered: 06/04/2020) |
| 06/03/2020 | 4 | ORDER Granting Plaintiff 2 Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915. By Magistrate Judge Gordon P. Gallagher on 06/03/2020. (athom, ) (Entered: 06/04/2020) |
| 06/02/2020 | 3 | Case assigned to Magistrate Judge Gordon P. Gallagher. Text Only Entry. (trvo, ) (Entered: 06/03/2020) |
| 06/02/2020 | 2 | Application to Proceed in District Court Without Prepaying Fees or Costs. by Plaintiff Kimberly JaJack. (trvo, ) (Entered: 06/03/2020) |
| 06/02/2020 | 1 | Employment Discrimination COMPLAINT against New York Life Insurance Company, filed by Kimberly JaJack. (Attachments: # 1 Civil Cover Sheet)(trvo, ) (Entered: 06/03/2020) |